SETH EVERETT v. STATE.

No. A-2776.   Opinion Filed August 31, 1918.

Appeal from County Court, Payne County;

W. R. Jones, Judge.

Seth Everett was convicted of larceny, and appeals. Reversed.

J. M. Springer, for plaintiff in error.

R. McMillan, Asst. Atty. Gen., for defendant in error.

PER CURIAM.  The plaintiff in error, Seth Everett, was convicted in the county court of Payne county, at the March, 1916, term. on a charge of larceny, and his punishment fixed at a fine of $25 and imprisonment in the county jail for 30 days.

This court will not ordinarily undertake to review the findings of the jury. as to the facts when there are two theories supported by competent evidence, although the findings of the jury may be contrary to the weight of the evidence as it appears from a reading of the record. In the trial of this cause, however, there was much misconduct upon the part of counsel and upon the part of witnesses for the state and an apparent lack of appreciation upon the part of the trial court of his duty in the conduct of the trial. All these things, considered together, impel us to the conclusion that this plaintiff in error did not have a fair and impartial trial conducted according to law.

A county court in this jurisdiction is a court of record and has the power to enforce proper decorum by attorneys at law engaged in the trial of a cause before it, as well as all witnesses who are called to testify, and bystanders who happen to be present. It not only has this power, but it is its duty to exercise it. The record under review indicates that the controversy between counsel and between counsel and witnesses became so heated that bystanders and visitors in attendance upon the court expressed their interest in the proceedings prejudicially to the rights of the defendant at the bar. It can hardly be said that a judgment of conviction should be allowed to stand when the facts are such as those disclosed by the record before us. A fair and impartial trial is guaranteed by the Constitution and laws of the state, and the courts must accord every person brought before them such trial. The judgment is reversed and the cause remanded, with directions to grant a new trial.